UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADRIAN G. SASSEN VANELSOO,

                              Plaintiff,

        v.

RONALD ROGERS, et al.,

                              Defendants.

CASE NO. C16-5574BHS

ORDER DISMISSING
COMPLAINT AND GRANTING
PLAINTIFF LEAVE TO AMEND

        This matter comes before the Court on Plaintiff Adrian G. Sassen Vanelsoo's ("Vanelsoo") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1).

        On June 29, 2016, Vanelsoo filed the instant motion and proposed civil rights complaint against numerous defendants who all work for the Washington State Patrol ("WSP").  Vanelsoo alleges that four WSP officers arrested him and seized over four thousand dollars from his person.  Vanelsoo contends that the state court dismissed the charges stemming from this arrest and ordered the WSP to return the money.  Vanelsoo claims he contacted the WSP, but they refuse to return his money.  Vanelsoo seeks compensatory and punitive damages.

        The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  In order to state a claim for

1  relief under 42 U.S.C. §1983, a plaintiff must show that: (1) he suffered a violation of

2  rights protected by the Constitution or created by federal statute, and (2) the violation was

3  proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*,

4  947 F.2d 1418, 1420 (9th Cir. 1991).  "Neither a State nor its officials acting in their

5  official capacities are 'persons' under § 1983."  *Will v. Michigan Dep't of State Police*,

6  491 U.S. 58, 71 (1989).

7  In this case, Vanelsoo fails to state a claim for relief.  Vanelsoo is suing the

8  individual WSP officers in their official capacity.  Dkt. 1-1, ¶ 2.10.  Pursuant to *Will*,

9  WSP officers in their official capacity are not persons subject to suit under § 1983.

10  Therefore, the Court dismisses Vanelsoo's sole claim and his complaint.

11  In the event the court finds that dismissal is warranted, the court should grant the

12  plaintiff leave to amend unless amendment would be futile.  *Eminence Capital, LLC v.*

13  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003).  The Court is unable to conclude that

14  any amendment to Vanelsoo's complaint would be futile.  Therefore, the Court grants

15  Vanelsoo leave to amend his complaint.  Vanelsoo shall file an amended complaint or

16  otherwise respond no later than August 5, 2016.  Failure to respond may result in

17  dismissal of the case in its entirety.

18  **IT IS SO ORDERED**.

19  Dated this 7th day of July, 2016.

20

21  BENJAMIN H. SETTLE
   United States District Judge

22