UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIAN G. SASSEN VANELSOO,<br><br>                Plaintiff,<br><br>    v.<br><br>RONALD ROGERS, et al.,<br><br>                Defendants. | CASE NO. C16-5574 BHS<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION AND RENOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the motion for summary judgment of Defendants Ronald Rogers, C. Stephen Sutton, Susan German, and Shirley Kennedy. Dkt. 19. Also before the Court is Plaintiff Adrian G. Sassen Vanelsoo's motion to extend the deadline for his response. Dkt. 27. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and, for the reasons stated below, hereby (1) grants Plaintiff's request for an extension, and (2) renotes the motion for summary judgment.

## I.     PROCEDURAL HISTORY

Plaintiff commenced this action on June 29, 2016. Dkt. 1. Plaintiff claims that Defendants violated his right to due process when they completed forfeiture proceedings in 2012 on money seized from Plaintiff. *See* Dkt. 5.

1  On August 2, 2017, Defendants moved for summary judgment. Dkt. 19. On August 17, 2017, Plaintiff moved to extend the deadline for his response to September 25, 2017. Dkt. 27.

Defendants have responded to Plaintiff's request in non-opposition. Dkt. 29. However, Defendants request that if the extension be granted, the Court also extend the trial date and impending pretrial deadlines. *Id.*

## II. FACTUAL BACKGROUND

On July 23, 2012, Defendant Rogers arrived at the scene of an accident and observed Plaintiff attempting to hide two bags. Dkt. 21. Rogers discovered and seized the two bags which contained a significant quantity of cash and pills. *Id.* Rogers arrested Plaintiff because he believed that Plaintiff had been in an accident while driving under the influence of alcohol or drugs. Dkt. 21.

After the arrest, Rogers informed Plaintiff of his rights and Plaintiff volunteered information, including his telephone number and then current address: 2614 46th Street, Bellingham, Washington 98229. Dkt. 21; Dkt. 22 at 2. The address was included on the police report filed subsequent to Plaintiff's arrest and was the same address listed on Plaintiff's license. Dkt. 22 at 2.

On July 24, 2012, Plaintiff contacted Defendants to request a hearing to contest the seizure of the cash. Dkt. 20-1 at 3. Defendants informed Plaintiff that "they were in the early stages of receiving/reviewing [the] police report" of the events on which the seizure was based. *Id.*

1         On August 6, 2012, Defendant German prepared and sent to Plaintiff a letter via certified mail informing him that he had until September 20, 2012, to request a hearing in writing or the seized assets would be deemed forfeited. Dkt. 22 at 2; Dkt. 22-1. The letter was sent to the address provided by plaintiff at the time of his arrest which matched the address on his license. Dkt. 22 at 2. The letter was received at the address and a signed receipt was returned to Defendants. *Id.*; Dkt. 22-2. Plaintiff never responded to the August 6 letter. Dkt. 22 at 3.

        On October 26, 2012, German prepared and sent a second letter via first class mail informing Plaintiff of his failure to respond to the August 6 letter. *Id.* at 2; Dkt. 22-3. The letter informed Plaintiff that his failure to request a hearing would result in the forfeiture of the seized property. Dkt. 22-3. The letter also included German's number and informed Plaintiff that he could contact her with any questions. *Id.* Plaintiff never responded to the October 26 letter. Dkt. 22 at 3. On October 30, 2012, German created an invoice voucher to transfer the seized funds to the state patrol's local account authorized under RCW 43.88.195. Dkt. 22-4.

        Plaintiff claims that on August 3, 2013, he contacted Defendants "seeking the return of money in the amount of $4,195.00 dollars seized by defendant Rogers." Dkt. 5 at 3. Plaintiff also claims that on August 15, 2013, Whatcom County Superior Court ordered that Defendants return the money to Plaintiff in connection with the dismissal of criminal charges that were filed against him. *Id.* at 3–4. Plaintiff states that both he and his mother have contacted each of the Defendants seeking the return of the money. *Id.* at 4. While these allegations are taken directly from Plaintiff's complaint and are not

supported by separate signed declarations, the complaint was signed with a verification stating under penalty of perjury that the factual assertions therein were true. Dkt. 5 at 6.

### III. DISCUSSION

The statute of limitations period for § 1983 actions is "a State's personal injury statute of limitations." *Owens v. Okure*, 488 U.S. 235, 240–41 (1989). Pursuant to RCW 4.16.080(2), the period of limitations in this case is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). While state law determines the length of the limitations period, federal law determines when a claim accrues. *Western Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks omitted). "Under the traditional rule of accrual the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Id.* at 391 (internal quotation marks and edits omitted).

In early August, 2012, Plaintiff was informed that his assets would be forfeited if he did not request a hearing in writing to contest the forfeiture. When Plaintiff failed to request a hearing in writing, he was then informed of his default and the resultant forfeiture of his assets in yet another letter. The forfeiture occurred without a hearing by October 30, 2012. There does not appear to be any genuine dispute over the facts that Plaintiff's injury occurred on or before October 30, 2012, and that Plaintiff had knowledge of his injury at that time. Therefore, it appears that Plaintiff failed to bring his

action within the three-year period of limitations because Plaintiff filed the instant lawsuit on June 29, 2016. *See* Dkt. 1.

While Plaintiff has requested an extension to file a response to Defendants' motion for summary judgment, it seems unlikely—from the exhibits attached to Defendants' motion as well as from Plaintiff's own pleadings—that a response would affect the undisputed facts supporting a conclusion that the action is barred by the statute of limitations. Nonetheless, Plaintiff's request offers good cause for a short extension due to the law librarian's absence, and his inability to access the law library where he is incarcerated. Accordingly, the Court will grant Plaintiff's request for an extension of his deadline to respond to summary judgment. While the Court's discussion today addresses only Defendants' arguments regarding the statute of limitations, Plaintiff's response should address all three of Defendants' arguments, including: (1) that the action is barred by the statute of limitations, (2) that Plaintiff allegedly failed to exhaust administrative remedies, and (3) that Defendants are entitled to qualified immunity.

The Court also notes that Defendants have requested to extend the trial date and pretrial deadlines should the Court grant Plaintiff's motion for an extension. This request is denied. Defendants have failed to articulate how an extension would prejudice their ability to meet the current deadlines or prepare a defense. The Court will still be able to rule on Defendants' motion prior to trial.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for an extension (Dkt. 27) is **GRANTED**. Plaintiff's response shall be filed no later than September 25, 2017.

Defendants may file a reply no later than September 29, 2017. The motion for summary judgment (Dkt. 19) is **RENOTED** for consideration on September 29, 2017.

Dated this 19th day of September, 2017.

BENJAMIN H. SETTLE
United States District Judge