UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADRIAN G. SASSEN VANELSLOO,

Plaintiff,

v.

RONALD ROGERS, et al.,

Defendants.

CASE NO. C16-5574 BHS

ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
REVOKING PLAINTIFF'S *IN
FORMA PAUPERIS* STATUS

This matter comes before the Court on Defendants Susan German, Shirley

Kennedy, Ronald Rogers, and Stephen Sutton's ("Defendants") motion for summary

judgment (Dkt. 19). The Court has considered the pleadings filed in support of and in

opposition to the motion and the remainder of the file and hereby grants the motion for

the reasons stated herein.

## I.   PROCEDURAL HISTORY

On June 29, 2016, Plaintiff Adrian Sassen Vanelsloo ("Vanelsloo") filed a motion

to proceed *in forma pauperis* and a proposed civil rights complaint.  Dkts. 1, 1-1.  On

July 19, 2016, Vanelsloo filed a first amended complaint alleging Defendants denied him

written notice of a forfeiture proceeding, denied him a hearing, and unlawfully seized his

property in violation of the Fourteenth Amendment of the Constitution.  Dkt. 5.

On August 2, 2017, Defendants moved for summary judgment. Dkt. 19. On September 25, 2017, Vanelsloo responded. Dkt. 32. On September 29, 2017, Defendants replied. Dkt. 34.

## II.   FACTUAL BACKGROUND

On July 23, 2012, Officer Rodgers arrested Vanelsloo for driving under the influence. Dkt. 21, Declaration of Ronald Rogers, ¶¶ 2, 9. Incident to the arrest, Officer Rodgers seized a bag of narcotics and $695 in cash. *Id*. ¶¶ 11–12. When he returned to his office, Officer Rodgers submitted a request for seizure form for the cash. *Id*. ¶ 13.

On July 24, 2012, Vanelsloo contacted Officers Kennedy and German to request a hearing to contest the seizure of his cash. Dkt. 20-1 at 2 (request for admission #9).

On August 6, 2012, Officer German mailed a letter to Vanelsloo informing him of the seizure and "that he had until September 20, 2012 to request a hearing or the currency would be deemed forfeited." Dkt. 22, Declaration of Susan German, ¶ 3. Officer German sent the letter via the United States Postal Service to the address Vanelsloo provided to Officer Rodgers, which was the same address on his driver's license. *Id*. ¶ 4. Officer German sent the letter via certified mail and with a return receipt requested. *Id*. A recipient signed for the letter at that address. *Id*. ¶ 6.

On October 26, 2012, Officer German prepared a second letter to Vanelsloo informing him that, as a result of his failure to timely respond to the first letter, his cash would be forfeited. *Id*. She sent the letter to the same address via certified mail with a return receipt requested. *Id*. A recipient signed for the letter. *Id*.

On October 30, 2015, Officer German deemed the cash forfeited and transferred the funds in question to a fund for the State of Washington because she did not hear from Vanelsloo. *Id.* ¶ 9.

On August 15, 2013, the state court dismissed the charges against Vanelsloo. As part of the dismissal, the court ordered that the cash be released to Vanelsloo's mother. Dkt. 32 at 13.

## III. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendants' motion**

Defendants move for summary judgment arguing that Vanelsloo's claims are barred by the statute of limitations, he failed to exhaust his administrative remedies, and Defendants are entitled to qualified immunity. Dkt. 19. The Court agrees on two of the three issues. First, the statute of limitations for a 42 U.S.C. § 1983 action is three years. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); RCW 4.16.080. Vanelsloo knew that his cash was seized pursuant to the arrest because he called the day after the arrest to inquire about the cash. Although Vanelsloo contends he didn't know it was forfeited until after the state court ordered the cash to be released to his mother, he became aware of the

forfeiture well within the statute of limitations. As such, he fails to show that any extraordinary circumstance stood in his way that prevented his filing of this action within the proper period. Therefore, the Court concludes that the statute of limitations has passed and Vanelsloo has failed to meet his burden to show that equitable tolling is appropriate in these circumstances.

Second, the officers are entitled to qualified immunity. Vanelsloo has failed to show any clearly established law that any one of the officers violated. Although some allegations exist that Officer Rodgers violated Vanelsloo's rights during the arrest, which led to the dismissal of the charges, Vanelsloo is only challenging the forfeiture proceeding. Regarding that proceeding, he fails to show that any officer knowingly violated a clearly established law. *White v. Pauly*, 137 S. Ct. 548, 551 (2017) ("immunity protects all but the plainly incompetent or those who knowingly violate the law."). Therefore, even if the statute of limitations has not run, Defendants are entitled to qualified immunity.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment (Dkt. 19) is **GRANTED** and Vanelsloo's *in forma pauperis* status is **REVOKED**. The Clerk shall enter **JUDGMENT** for Defendants and close this case.

Dated this 10th day of October, 2017.

BENJAMIN H. SETTLE
United States District Judge