UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADRIAN G. SASSEN VANELSOO,

                Plaintiff,

    v.

RONALD ROGERS, et al.,

               Defendants.

CASE NO. C16-5574 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Adrian G. Sassen Vanelsoo's ("Plaintiff") motion for extension of time to file motion for reconsideration (Dkt. 38) and motion for reconsideration (Dkt. 39).

On October 10, 2017, the Court granted Defendants' motion for summary judgment concluding that Plaintiff's claims were barred by the statute of limitations and, in the alternative, Defendants were entitled to qualified immunity. Dkt. 35. On October 23, 2017, Plaintiff filed a motion for an extension of time to file a motion for reconsideration. Dkt. 38.[1] On November 3, 2017, Plaintiff filed the motion for reconsideration. Dkt. 39.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60 and Local Rules W.D. Wash. LCR 7(h). LCR 7(h) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior

---

[1] The Court grants the motion and will consider the merits of Plaintiff's motion for reconsideration.

ORDER - 1

ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In this case, Plaintiff has failed to show that reconsideration is warranted. The Court rejected Plaintiff's equitable tolling argument when it considered the motion for summary judgment, and Plaintiff again fails to show that equitable tolling is appropriate in this matter. Moreover, Plaintiff fails to show that Defendants' "premature and reckless" alleged actions violated any clearly established law. Thus, even if equitable tolling is relevant, Defendants are entitled to qualified immunity. Therefore, the Court **DENIES** Plaintiff's motion for reconsideration. Dkt. 39.

**IT IS SO ORDERED**.

Dated this 8th day of November, 2017.

  
BENJAMIN H. SETTLE  
United States District Judge